# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOAN HARDING,

      **Plaintiff,**

  v.                                        Civil Action 2:18-cv-1519
                                             Magistrate Judge Chelsey M. Vascura

BRUCE BROOKS, *et al.*,

      **Defendants.**

## ORDER DISMISSING CASE FOR FAILURE TO SHOW CAUSE

On March 8, 2019, the Court ordered Plaintiff to show cause within fourteen days why this action should not be dismissed for failure to prosecute based on her failure to timely serve initial disclosures in violation of the Court's January 4, 2019 Order (ECF No. 6 at 1) and her failure to serve a fully documented written settlement demand on the mediator and opposing counsel by March 1, 2019 as required by the Court's Notice of Settlement Conference (ECF No. 9 at 1). (Show Cause Order, ECF No. 11.) Plaintiff was also cautioned that failure to comply with the Show Cause Order would result in dismissal of her case. (*Id.* at 1.) To date, Plaintiff has not responded to the show cause order.

Under the circumstances, the undersigned finds dismissal of Plaintiff's action appropriate pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the

dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to comply with the Court's Orders instructing her to (1) serve initial disclosures by January 31, 2019; (2) serve a settlement demand by March 1, 2019; and (3) to show cause why this action should not be dismissed for failure to comply with the Court's orders. Moreover, the Court explicitly cautioned Plaintiff in the Show Cause Order that failure to comply would result in dismissal of this action for failure to prosecute pursuant to Rule 41(b). *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a

plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed these deadlines and disregarded the Court's orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

This action is therefore **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b). It is further **ORDERED** that Plaintiff list 2:18-cv-1519 as a related case if she re-files this action.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE